UNITED STATES of America,
Plaintiff and Appellee,

v.

Raymondo ROBLES–PEREZ,
Defendant-Appellant.

No. 72–1789.

United States Court of Appeals,
Ninth Circuit.

March 9, 1973.

J. Perry Langford, Edgar G. Langford, of Langford & Langford, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Jeffrey F. Arbetman, Donald F. Shanahan, and Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Appellant was convicted for transporting three aliens who he knew were illegally in the United States. (8 U.S.C. § 1324(a)(2).) The Government's case in chief consisted of the testimony (1) of Mr. Leupp, a border patrol agent, who stopped appellant's car and who discovered that the passengers were illegal aliens, and (2) of two of the three alien girls. Their testimony, if credited, amply supported the elements of transportation and alienage. The key issue was appellants' knowledge of their illegal alien status. The aliens also testified that they never saw appellant until he picked them up as they were hitchhiking, after some unidentified people took them across the border and dropped them, following the driver's objection to their luggage. The only testimony that linked appellant to the aliens prior to his pick-up and that tended to prove that appellant knew the girls were illegally in the country was Agent Leupp's testimony, admitted over hearsay objection, that the aliens told him, outside the presence of appellant, that they had seen appellant in Mexico, and he was awaiting them as they crossed the border.

The Government concedes, as it must, that the key testimony was hearsay; it argues, however, that it was admissible because appellant's counsel opened the door by inquiring into part of that

* Honorable Talbot Smith, United States Judge for the Eastern District of Michigan, sitting by designation.

conversation on cross-examination. The question is a close one because the development of the testimony on direct and cross is rather fuzzy. However, it seems that there were two conversations between the aliens and the agent, one of them in appellant's presence and one outside his presence. Appellant's counsel tried to confine Agent Leupp to the first conversation. On redirect, the prosecution started into the second conversation. Upon ascertaining that appellant was not then present, appellant's counsel interposed the hearsay objection. The court overruled it, and the agent gave the damaging hearsay testimony. We think that this course of events did not open the door to the second conversation. Without the second conversation, the evidence was insufficient to go to the jury on the knowledge element. Appellant's motion to acquit should have been granted at the conclusion of the Government's case in chief.

The judgment is reversed with directions to dismiss the indictment.